**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re

Miguel Conrado Guzman and Luz Celenia Guzman

                                                               CHAPTER     13
                                                               CASE NO.    6:17-bk-01796-ABB

        Debtor(s)
_____/

**OBJECTION BY WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION TRUST TO CONFIRMATION OF CHAPTER 13 PLAN FILED BY THE DEBTOR(S)**

      WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION TRUST("Creditor"), by the undersigned attorneys, objects to confirmation of the Plan ("Plan") as proposed by the Debtor(s) and any future Plan(s) filed by the Debtor(s) to the extent that such Plan or Plans contain the provision(s) to which this Objection is directed. In support of this Objection, the Creditor states as follows:

      1.     For value received, the Debtor(s) executed and delivered a Note and Mortgage ("Loan Documents") as evidence of indebtedness to Creditor. Said indebtedness is secured by property more particularly described in the Mortgage as: REAL PROPERTY LOCATED: 51 JET LOOP APOPKA, FL 32712, LEGALLY DESCRIBED AS: LOT 52, SPRING HARBOR, ACCORDING TO THE MAP OR PLAT THEREOF AS RECORDED IN PLAT BOOK 38, PAGE 39 AND 40, OF THE PUBLIC RECORDS OF ORANGE COUNTY, FLORIDA ("Collateral"). Reasons for objection:

**Failure to Provide for Full Payment of Prepetition Arrearages**

      2.     The Creditor will be filing a Claim which sets forth prepetition arrearages in the approximate amount of $32,544.75 which are due and owing in regards to the loan.

      3.     The Plan fails to provide for payment of the full amount of these prepetition arrearages through the Plan.

      4.     The Plan fails to comply with 11 U.S.C. §1325 (a)(5) in that it does not provide adequate protection for Creditor's interest pursuant to 11 U.S.C. §361. In addition, Creditor does not agree to such treatment through the Plan.

      5.     Creditor will withdraw this Objection in the event that the Plan is amended to conform to the Creditor's proof of claim or otherwise satisfactorily address the issue(s) raised in this Objection.

WHEREFORE, Creditor prays for the entry of an appropriate order denying confirmation with respect to the Plan as proposed and any future Plan(s) filed by the Debtor(s) to the extent that such Plan or Plans contain the provisions to which this Objection is directed.

/s/ Nicole Mariani Noel
Nicole Mariani Noel
Kass Shuler, P.A.
P.O. Box 800
Tampa, FL 33601
Phone: (813) 229-0900 Ext. 1343
Fax:    (813) 229-3323
nmnoel@kasslaw.com
Florida Bar No. 69883

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a true and correct copy of the foregoing was furnished on June 5, 2017, by U.S. Mail and/or electronic mail via CM/ECF pursuant to Local Rule 7005-3 to: Miguel Conrado Guzman and Luz Celenia Guzman, 51 Jett Loop, Apopka, FL 32712; Walter F Benenati, Esq., 2702 E. Robinson Street, Orlando, FL 32803; Laurie K. Weatherford, Trustee, P.O. Box 3450, Winter Park, FL 32790.

## Rule 7005-3

## SERVICE BY ELECTRONIC MEANS UNDER RULE 5(b)(2)(D)

A party may make service under Rule 5 (b) (2) (D) of the Federal Rules of Civil Procedure through the Court's electronic transmission facilities if the party being served is a Filing User or otherwise consents in writing to electronic service.

/s/ Nicole Mariani Noel
Nicole Mariani Noel (x1343)

1701568/mic